the sons in compliance with Rule 88.01 and Form 14, and to make an adequate record for appellate review of such determination. The cause is remanded for those two tasks and entry of an amended decree embodying them.

FLANIGAN, P.J., concurs.

GARRISON, J., files separate opinion concurring in part and dissenting in part.

GARRISON, Judge, concurring in part and dissenting in part.

I concur with the majority opinion except with reference to a part of the discussion concerning Husband's fourth point. While I agree that the trial court abused its discretion with reference to the division of marital property, I respectfully dissent concerning the percentages applied to that distribution by the majority opinion.

The majority opinion directs the trial court to amend its decree so that Husband shall receive one-third of the value of the marital property. As I understand that opinion, the choice of one-third is not necessarily what this court might have ordered based upon the evidence and the law, but rather, is a percentage with which no reasonable person would disagree under the evidence in the instant case.

Rule 73.01 provides that, upon appellate review, "[t]he court shall review the case upon both the law and the evidence as in suits of an equitable nature." In addition, under Rule 84.14, "[t]he appellate court shall . . . give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case. . . ." *See also Wallace v. Wallace*, 839 S.W.2d 354, 359 (Mo.App.1992), and *Campbell v. Campbell*, 825 S.W.2d 319, 322 (Mo.App.1992). If we conclude, as we have in the instant case, that the trial court abused its discretion, I believe we are obligated to enter the judgment the trial court should have entered. *Tygett v. Tygett*, 639 S.W.2d 282, 285 (Mo. App.1982). Based upon these principles and the evidence in the instant case, I believe that the appropriate division of marital property would result in its being evenly divided.

In all other respects, I concur with the majority opinion.

## ON REQUEST BY APPELLANT'S COUNSEL TO DELETE PORTION OF OPINION

PER CURIAM.

Neither party filed a motion for rehearing or, alternatively, for transfer to the Supreme Court of Missouri within the time allowed. However, counsel for Appellant (Husband) requested, in writing, that we delete the paragraph of the principal opinion which states it is inferable that he did not tender a proposed decree within the deadline established by the trial court. In support of the request, Husband's counsel presents copies of correspondence (not appearing in the record) indicating he tendered a proposed decree within an extended deadline fixed by the trial court (not appearing in the record).

We decline to delete anything from the opinion, as Husband's counsel has failed to show anything in the opinion is contrary to the record. However, we acknowledge that had the documents presented by Husband's counsel appeared in the record, they would have supported a finding that he tendered a proposed decree to the trial court within the extended deadline. The outcome of this appeal would have remained the same.

**Michael TEMME, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

No. 64103.

Missouri Court of Appeals, Eastern District, Division One.

March 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1994.

Dave Hemingway, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

*ORDER*

PER CURIAM.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

*ORDER*

PER CURIAM.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

**Tom KING, Appellant,**

v.

**Edward H. MORGAN, Respondent.**

**No. WD 47896.**

Missouri Court of Appeals, Western District.

March 8, 1994.

**Frederick W. BEHLING, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

**No. 64116.**

Missouri Court of Appeals, Eastern District, Division One.

March 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1994.

Dave Hemingway, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

